UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDER AGREDA AND MARIA AGREDA ) <br>     Plaintiffs ) <br> ) <br> v. ) <br> ) <br> A BETTER WAY WHOLESALE AUTOS, INC. ) <br> AND WELLS FARGO BANK, N.A. D/B/A ) <br> WELLS FARGO DEALER SERVICES ) <br>     Defendant ) <br> _____) | CIVIL ACTION <br><br> JURY TRIAL DEMANDED <br><br><br><br> APRIL 9, 2014 |

COMPLAINT

Introduction

    1.  This is an action brought by two consumers against A Better Way Wholesale Autos, Inc. ("ABW") for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* and the Magnuson-Moss Federal Warranty Act, 15 U.S.C. § 2301 *et seq.*  Plaintiffs also assert pendent state law claims against ABW for violation of the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,* the Connecticut Uniform Commercial Code ("UCC"), Conn Gen. Stat. §§ 42a-2-101 *et seq.* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq.*  Plaintiffs also assert claims against the holder of the Contract, Wells Fargo Bank, N.A. d/b/a Wells Fargo Dealer Services ("Wells Fargo") pursuant to the terms of the Contract and Conn. Gen. Stat. § 52-572g.

    2.  Plaintiff Alexander Agreda ("Alexander") is a consumer residing in Waterbury, Connecticut and is the husband of Plaintiff Maria Agreda.

3.  Plaintiff Maria Agreda ("Maria") is a consumer residing in Waterbury, Connecticut and is the wife of Alexander.

4.  ABW is a Connecticut corporation that operates a motor vehicle dealership in Naugatuck, Connecticut.

5.  Wells Fargo is a national bank with corporate offices in San Francisco, CA that engages in, among other things, accepting assignment of retail installment sales contracts ("RISCs").

6.  Jurisdiction in this court is proper pursuant to 15 U.S.C. § 1640(e) and Fed. R. Civ. P. 18(a).

7.  This Court has jurisdiction over ABW because it is located in Connecticut and incorporated under the laws of the state of Connecticut.

8.  This Court has jurisdiction over Wells Fargo because it regularly does business in Connecticut.

9.  Venue in this Court is proper, because the transaction alleged herein occurred in this state.

10. On or around February 1, 2014, Plaintiffs visited ABW for the purpose of purchasing a 2007 Nissan Xterra ("the Vehicle").

11. Plaintiffs agreed to purchase the Vehicle and paid a down payment of $2,000 to ABW.

12. When Plaintiffs agreed to purchase the Vehicle, they were informed that they would be required to pay a higher annual percentage rate ("APR") on the Vehicle loan if they did not purchase a service contract.

13.  Because the purchase of the service contract was required in order to obtain a more advantage annual percentage rate, all or part of the cost of the service contract should have been disclosed as part of the finance charge.

14.  ABW failed to disclose the cost of the service contract as a finance charge, in violation of TILA.

15.  ABW further violated TILA by failing to clearly and conspicuously make the disclosures required by TILA.  Specifically, ABW failed to clearly and conspicuously disclose the APR, Finance Charge, Amount Financed, Total of Payments and Total Sale Price because it printed these disclosures over the preprinted portion of the RISC, making the disclosures difficult to read.

16.  This violation of TILA was apparent on the face of the contract, and Wells Fargo is therefore also liable to Plaintiffs under TILA.

17.  For ABW's violations of TILA, Plaintiffs are entitled to statutory damages of $2,000, plus attorney's fees and costs.

18.  Through its conduct in violation of TILA, ABW also violated RISFA, which expressly incorporates the requirements of TILA.

19.  For ABW's violations of RISFA, Plaintiffs are entitled to rescission of the contract.

20.  Immediately after accepting the Vehicle, Plaintiffs began to experience significant mechanical defects, including display of the check engine light, shaking, and problems with the thermostat.

21. Despite having the opportunity to repair the Vehicle, ABW failed to make repairs in accordance with the written warranty, and it refused to honor Plaintiffs' request to return the Vehicle.

22. The Vehicle's defects render the Vehicle unsafe to drive and significantly impair the value of the Vehicle to Plaintiffs.

23. The Vehicle was sold with a warranty that the Vehicle would be mechanically operational and sound for a period of 30 days or 1,500 miles.

24. ABW's 30 day or 1,500 mile guaranty constituted an express warranty under Conn. Gen. Stat. § 42a-2-313, which warranty has been breached.

25. ABW has also breached the implied warranty of merchantability, Conn. Gen. Stat. § 42a-2-314, because the Vehicle would not pass in trade without objection, is not fit for the purposes that motor vehicles are ordinarily used, or both.

26. On or around March 19, 2014, Plaintiff, by their attorneys, contacted ABW and Wells Fargo in writing and notified them of their revocation of acceptance of the Vehicle or, alternatively their rescission of the contract.

27. In light of the safety defects, Plaintiffs notified ABW and Wells Fargo that the Vehicle was available for pick up at their home, thus restoring them as nearly as possible to their pre-contractual position.

28. For its breaches of warranty, ABW is liable to Plaintiffs under Article 2 of the UCC and MMWA, entitling them to revocation of acceptance of the Vehicle, plus attorney's fees and costs.

29. Following the purchase, Plaintiffs learned that ABW had included charges for GAP insurance, "oil changes for life" and VIN etching, which were not requested or desired by the Plaintiffs.

30. Furthermore, despite having charged for VIN etching, ABW did not perform VIN etching services to the Vehicle.

31. Through its above-described conduct, ABW violated CUTPA, in that its actions were immoral, unethical, oppressive or unscrupulous, offend public policy, and are of a nature that causes substantial injury to consumers.

32. As a result of the conduct of ABW, Plaintiffs suffered ascertainable losses and damages, including, but not limited to, purchase of a vehicle they could not use, loss of their $2,000 down payment and increased contractual liability under the RISC for services they did not request or desire.

33. For ABW's violations of CUTPA, Plaintiffs are entitled to their damages plus punitive damages and a reasonable attorney's fee.

34. Pursuant to the terms of the contract, Wells Fargo is liable to Plaintiffs for all claims asserted under the Contract up to the amounts paid under the contract, and because ABW was provided with written notice of Plaintiffs' claims, its liability is extended to include the unpaid balance of the Contract pursuant to Conn. Gen. Stat. § 52-572g.

**Wherefore, Plaintiffs claim,** actual damages pursuant to 15 U.S.C. § 1640(a)(1), statutory damages of $2,000, plus a reasonable attorney's fee pursuant to 15 U.S.C. § 1640(a)(3); actual damages, punitive damages, and attorney's fees and costs pursuant to 15 U.S.C. § 2310; incidental and consequential damages pursuant to Conn. Gen. Stat. § 42a-2-715; an order that acceptance of the vehicle has been properly revoked, or, alternatively rescission of the contract and a return of the amounts paid thereunder; actual damages pursuant to Conn. Gen. Stat. § 42-110g(a); statutory punitive damages pursuant to Conn. Gen. Stat. § 42-110g(g); and attorney's fees pursuant to Conn. Gen. Stat. § 42-110g(d).

      PLAINTIFFS, ALEXANDER AGREDA AND
      MARIA AGREDA

By: /s/ Hailey Gallant Rice\_\_\_
   Daniel S. Blinn, ct02188
   dblinn@consumerlawgroup.com
   Hailey Gallant Rice, ct29150
   hgrice@consumerlawgroup.com
   Consumer Law Group, LLC
   35 Cold Spring Rd. Suite 512
   Rocky Hill, CT  06067
   Tel. (860) 571-0408
   Fax (860) 571-7457